KARL OLSON (SBN 104760)
kolson@rocklawcal.com
SUSAN BROWN (SBN 287986)
sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Intervenor Sacramento Bee*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYNETTE ALICE FROMME.<br><br>Defendant. | CASE NO.  2:75-CR-00451-KJM<br><br>**INTERVENOR SACRAMENTO BEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTEREVENE AND ACCESS TO VIDEOTAPED DEPOSITION OF GERALD FORD**<br><br>Place:  Courtroom 3, 15th Floor<br>501 I Street<br>Sacramento, CA  95814<br>[Hon. Kimberly J. Mueller] |

## I.    INTRODUCTION

The *Sacramento Bee* seeks to intervene here in support of the Eastern District of California Historical Society's request for access to the videotaped deposition of former President Gerald Ford.  This Court (McBride, J.) on April 7, 1987 issued an order stating, "[T]here is no legal or justifiable reason for continuing said tape under seal."  (Exhibit A hereto.)  Clear United States Supreme Court and Ninth Circuit case law providing a right of access to court records call for leaving President Ford's deposition unsealed.

This Court's 1987 Order unsealing President Ford's deposition should remain in force, and the public and press should be able to freely copy the videotape.  The Order is strongly supported by subsequent case law.  As the Ninth Circuit held in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "Unless a particular court record is one

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. [Citations omitted.]  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption, by meeting the 'compelling reasons' standard.  That is, the party must 'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure."  (*Id.* at 1178-79.)  No such compelling reasons have been or can be shown.  The deposition should remain unsealed and be made freely available for copying.

The Ninth Circuit held in *CBS, Inc. v. United States District Court*, 765 F.2d 823, 825 (9th Cir. 1985), a case involving a news organization's motion to access sealed documents related to a motion to reduce a sentence, "We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters.  The primary justifications for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system...apply with as much force to post-conviction proceedings as to the trial itself."  (*Id.* at 825, citation omitted.)  Just last year, the Ninth Circuit cited that language with approval in *United States v. Rivera*, 682 F. 3d 1223, 1228-29 (9th Cir. 2012), a case which recognized a right of access to sentencing proceedings under both the First Amendment and the Sixth Amendment.  *See also United States v. Biagon*, 510 F.3d 844, 846, 848 (9th Cir. 2007) [affirming denial of motion to close courtroom for sentencing].  Thus, both at the trial and post-trial stages, access is the rule.

## II.   THE *SACRAMENTO BEE* SHOULD BE ALLOWED TO INTERVENE TO VINDICATE THE PUBLIC'S RIGHT OF ACCESS

The First Amendment right of access is an affirmative, enforceable public right. *See Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 572 (1980); *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596 (1982). The standing of the press to enforce this right is well settled. *See*, *e.g., Globe Newspapers*, 457 U.S. at 609, n. 25; *United States* v. *Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982); *San Jose Mercury News, Inc.* v. *United States District Court,* 187 F.3d 1096, 1100 (9th Cir. 1999).

Therefore, this Court should allow the *Sacramento Bee* to intervene for the limited purpose of helping to protect the public's right of access to the videotaped deposition of former President Gerald Ford.

**III.    THERE IS BOTH A COMMON LAW AND FIRST AMENDMENT RIGHT OF ACCESS TO THE DEPOSITION AT ISSUE HERE.**

     **A.    Basic Access Principles**

There is both a First Amendment and common law right of access to criminal proceedings in general and documents used at trial (such as the Ford deposition) in particular.  *See, e.g., Press-Enterprise v. Superior Court*, 478 U. S. 1, 10 ["The considerations that led the Court to apply the First Amendment right of access to criminal trials in *Richmond Newspapers* and *Globe* and the selection of jurors in *Press-Enterprise I* lead us to conclude that the right of access applies to preliminary hearings as conducted in California"].

An extraordinary showing must be made to overcome the presumptive right of access.  As the Supreme Court observed in *Press-Enterprise, supra*, 478 U. S. at 9, "'[The] presumption [of access] can be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'"  None of the potential "overriding interests" discussed in *Press-Enterprise* – such as the right to a fair trial which might be undermined by publicity (*id.* at 9) or the protection of victims of sex crimes from the trauma and embarrassment of public scrutiny (*id.* at 9 fn. 2) is applicable here, where the trial occurred 38 years ago and the deposition of former President Ford is of great historical interest.  This case is a quintessential case for the public's right to know.

As the Supreme Court observed in *Press-Enterprise*, 478 U. S. at 13, "Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."  Even when countervailing considerations such as the right to a fair trial and concerns about pretrial publicity are present – and they aren't here – the risk of prejudice "does not automatically justify refusing public access to hearings on every motion to

Case No. 2:75-CR-00451-KJM – INTERVENOR SACRAMENTO BEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTEREVENE AND ACCESS TO VIDEOTAPED DEPOSITION OF GERALD FORD

3

suppress," and, "The First Amendment right of access cannot be overcome by the conclusory assertion that publicity might deprive the defendant of that right.  And any limitation must be 'narrowly tailored to serve that interest.'"  *Press-Enterprise*, 478 U. S. at 15.

The Ninth Circuit has extended this right of access to the sentencing process.  For example, in *United States v. Schlette*, 842 F.2d 1574, 1584-85 (9th Cir. 1988), the Ninth Circuit held that a district court had abused its discretion in denying third-party requests by a newspaper and an estate for disclosure of a presentence report and related documents.  The Ninth Court held that the newspaper and the estate should have been permitted to read and make notes from the presentence report, a psychiatric report and any post-sentence probation reports.  (*Id.* at 1585.) The Ninth Circuit agreed with the newspaper's assertion that "disclosure will serve the public interest by informing the public about the sentencing process."  (*Id.* at 1582.)  The Ninth Circuit noted both the presence of a demonstrated need for disclosure – the right to inspect and copy judicial documents, "justified by 'a newspaper publisher's intention to publish information concerning the operation of government'" (*id.* at 1582), and the absence of any justification for sealing.  (*Id.* at 1584 ["The government has not advanced any valid reason for nondisclosure. Therefore, disclosure is appropriate"].

## B.    Significant Need for Disclosure.

Here too, there is a significant need for disclosure.[1]  This was obviously a high-profile case involving the alleged attempted assassination of a President in Sacramento.  There is an obvious public interest, and historical interest, in the testimony of a President.

Judge King of the Central District of California eloquently explained the public interest in another case involving access to documents, *State of California v. Safeway*, 355 F. Supp. 2d 1111, 1125 (C. D. Cal. 2005)[2]: "The public interest in access to the court records addressed in these cases does not turn on how titillating a story is, how many newspapers a company sells,

---

[1] The burden is on the proponent of sealing to justify sealing, it is not on the *Bee*. *Oregonian Publishing Co. v. U.S. District Court*, 920 F.2d 1462, 1467 (9th Cir. 1990).

[2] The case involved the *Los Angeles Times*' successful request for access to a Mutual Strike Assistance Agreement in which large supermarkets in southern California agreed to share revenue in the event of a strike by their workers. (355 F. Supp. 2d at 1113.)

1  how many articles are published about a story, or how many members of the public come

2  forward to express their personal interest in learning more details about it.  The presumption of

3  access exists because the citizens are entitled to observe, monitor, understand and critique their

4  courts – even in the most mundane of cases that excite *no* media interest – because what

5  transpires within our courtrooms belongs to our citizens in a fundamental way.  This is why we

6  require not just a showing of some possible reason to justify closure of the court to the public, but

7  a showing of a *compelling* one."  (*Id.* at 1125, emphasis in original.)

8       As Judge King observed in the *Safeway* case, those seeking access need make no

9  evidentiary showing of the public interest because "we strongly presume the public's interest in

10  access and require a showing of compelling interest to rebut it."  (*Id.* at 1124.)  "The public

11  interest at issue here has a venerable heritage rooted in the need for openness in a democratic

12  society.  The courts' legitimacy in our system of government derives in large measure from our

13  historical commitment to offering reasoned decisions setting forth our rationale not only to

14  litigants, but to the people in whose name we administer justice."  (*Ibid*.)

15       In short, the burden rests squarely upon any party to justify sealing; not upon the *Bee* to

16  justify access.  But even if there was some burden on the *Bee* – and there isn't – the *Bee* has

17  demonstrated through the nature of this case a strong need for access.  *See, e.g., U. S. v. Schlette*,

18  *supra*, 842 F.2d at 1582 ["the newspaper's interest in the *Schlette* presentence report and related

19  documents is not founded on a base motive to publish an exploitive account of the sad details of

20  Malcolm Schlette's life and William Weissich's death.  Rather, the newspaper wants to publish

21  information that bears on the workings of the criminal justice system"]; *CBS, supra*, 765 F.2d

22  823 [press permitted access  to post-trial memorandum filed by government in response to

23  sentence reduction motion made by defendant convicted in connection with John DeLorean

24  cocaine episode].[3]

25

26       [3] In *Schlette*, the Ninth Circuit allowed access to the pre-sentence report as well as to the
government's post-trial memorandum, holding that while pre-sentence reports are generally

27  confidential, "'confidentiality' is not some talismanic utterance that can justify a refusal to
disclose the contents of a pre-sentence report when a sufficient showing supporting disclosure

28  has been made"].  (842 F.2d at 1583.)  Here, given the absence of any justification for sealing and
the strong reasons for disclosure, the *Bee* submits that access is appropriate.

Case No. 2:75-CR-00451-KJM – INTERVENOR SACRAMENTO BEE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTEREVENE AND ACCESS TO
VIDEOTAPED DEPOSITION OF GERALD FORD

5

1

C.      No Justification for Sealing

2

There is, as Judge McBride held in 1987, no need or justification for non-disclosure in

3

this case.  No fears of pretrial publicity can be raised.  Nor can any colorable privacy arguments

4

be made for sealing in a case involving not "protection of victims of sex crimes from the trauma

5

and embarrassment of public scrutiny"[4] but rather a long-concluded case of the utmost public

6

interest involving the testimony of our highest official.

7

In short, there are no reasons sufficient to justify sealing of the deposition in this

8

significant case involving very serious charges.  The deposition should remain unsealed and

9

should be made freely accessible for copying.

10

IV.     CONCLUSION

11

The Ninth Circuit in *Oregonian Publishing Co. v. U. S. District Court*, 920 F. 2d 1462

12

(9th Cir. 1990), in the context of access to plea agreements, held, "Were we to hold that no right

13

of access to plea agreements exists, we would effectively block the public's access to a

14

significant segment of our criminal justice system.  Openness in criminal proceedings 'enhances

15

both the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to

16

public confidence in the system.  [Citation.]  We do well to remember that 'People in an open

17

society do not demand infallibility from their institutions, but it is difficult for them to accept

18

what they are prohibited from observing.'"  (*Id.* at 1465, citations omitted.)  Those bedrock

19

principles hold true here.  The court should, under Local Rule 141(f), order that the videotaped

20

deposition should remain unsealed.

21

Dated:  July 31, 2013                              */s/ Karl Olson*

22

KARL OLSON (SBN 104760)
kolson@rocklawcal.com

23

RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP

24

555 Montgomery Street, Suite 820
San Francisco, California  94111

25

Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

26

*Attorneys for Intervenor Sacramento Bee*

27

[4] *Press-Enterprise*, 478 U. S. at 9, citing *Globe-Newspaper Co.*, 457 U. S. at 607-610.

28

Even in the context of minor victims of sex offenses, the Supreme Court in *Globe Newspaper*
struck down a state's mandatory closure rule.

# EXHIBIT A

JOHN E. VIRGA
A Professional Corporation
721 Eleventh Street
Sacramento, California 95814

Telephone:   (916) 444-6595



FILED

APR 7 11 00 AM '87

CLERK U. DIST COURT
EASTERN DIST. OF CALIF.
AT SACRAMENTO
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          NO. CR.S-75-451 TJM

          Plaintiff,          ORDER

vs.

LYNETTE ALICE FROMME,

          Defendant.          /
_____

The motion of defendant for an Order to Release for
Inspection and Copying Video Tape Depositions in the Interest
of Justice came on regularly for hearing by the court on
April 6, 1987. Plaintiff appeared by counsel Assistant U.S.
Attorney Doug Hendricks; defendant appeared by counsel JOHN
E. VIRGA.

The Court, having considered the motion and other
documents in support of the motion, and being fully advised
in the matter, finds as follows:
*That there is no legal or justifiable reason for continuing this tape under seal. TJM*
IT IS, THEREFORE, ORDERED that the Motion to Release for
Inspection and Copying *the* Video Tape Deposition of President
Gerald Ford be, and *it is* hereby ~~is~~ granted.

1    IT IS FURTHER ORDERED that the tape must be copied in

2  the presence of a clerk of the United States Court for the

3  Eastern District of California, and the tape shall be copied

4  in the Grand Jury Room.

5  Dated: *April 7, 1987*

6

7                    THOMAS J. MCBRIDE

8                    JUDGE OF THE U.S. DISTRICT
                     COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1    **PROOF OF SERVICE**

2          I hereby certify that I electronically filed the foregoing **INTERVENOR**

3    **SACRAMENTO BEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN**

4    **SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND ACCESS TO**

5    **VIDEOTAPED DEPOSITION OF GERALD FORD** with the Clerk of the Court for the

6    United States District Court, Eastern District of California by using the CM/ECF system on July

7    31, 2013.

8          The following Participants in this case are registered CM/ECF users and will be served by

9    the CM/ECF system.

| | |
|---|---|
| Michael Erik Vinding<br>Brady & Vinding<br>400 Capitol Mall, Suite 2640<br>Sacramento, CA 95814<br>Tel:  916-446-3400<br>Fax:  916-446-7159<br>Email:  mvinding@bradyvinding.com | |

14         I declare under penalty of perjury under the laws of the United States of America that the

15   foregoing is true and correct and that this declaration was executed on July 31, 2013 at San

16   Francisco, California.

17                                    _____*/s/ Ann Williams*_____

18                                    Ann Williams

19

20

21

22

23

24

25

26

27

28

1